Case 4:22-cv-02093   Document 19   Filed on 07/21/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
July 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Michael E. Sykes, *Plaintiff*, | § § § | |
| v. | § § | Civil Action H-22-CV-2093 |
| Kilolo Kijakazi, *Defendant*. | § § § | |

### REPORT AND RECOMMENDATION

This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1). ECF No. 14. Because Sykes failed to prosecute this action and to comply with the court's orders, the court recommends that the case be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

*1. Background*

This appeal of the Social Security Commissioner's final decision was filed on June 24, 2022. ECF No. 1. At the time of filing, Sykes was represented by counsel. Judge Hughes permitted Sykes's lawyer to withdraw on October 27, 2022. ECF No. 10. In the Order on Withdrawal, Judge Hughes stated that "No delay will be countenanced because of this change." *Id.*

Before counsel withdrew, on September 23, 2022, Judge Hughes entered a Procedural Order requiring the parties to file dispositive motions by November 21, 2022, with responses due January 2, 2023, and replies due January 30, 2023. ECF No. 8. Pursuant to that order, the Commissioner filed a Cross Motion for Summary Judgment, ECF No. 11, and Brief in Support, ECF No. 12. Sykes did not respond. The case was thereafter transferred

to Judge Tipton, who referred the case to the undersigned. ECF Nos. 13, 14.

Realizing that no response was filed, the undersigned entered an order requiring Sykes to file a response to the Motion for Summary Judgment by March 24, 2023. ECF No. 15. The court warned that "Failure to [respond to the motion for summary judgment] will result in dismissal of this case for want of prosecution." *Id.* Sykes still did not respond. Thus, the court entered an order stating that "Plaintiff has until May 19, 2023, to show cause why this case should not be dismissed." ECF No. 16.

On May 22, 2023, the Clerk's Office docketed as undeliverable the envelope in which the Post Office attempted to deliver the show cause order. ECF No. 17. The word "Refused" is handwritten on the envelope. The court notes that there is no indication that Sykes attempted to update his address with the court. However, out of an abundance of caution, the undersigned's case manager contacted Sykes to obtain an updated address. Apparently, Sykes had moved. Therefore, on May 23, 2023, the court vacated the show cause order and ordered that Sykes file his motion for summary judgment and response to the Commissioner's motion by June 14, 2022. Also on May 23, 2023, the court sent to Sykes by regular mail at his updated address the May 23, 2023 Order, ECF No. 18, and the Commissioner's Motion for Summary Judgment, ECF No. 11, and the Brief in support, ECF No. 12. *See* May 23, 2023 Docket Entry.

Sykes did not file a response to the Commissioner's motion or his own motion for summary judgment. There has been no activity on the docket since May 23, 2023.

*2. Analysis*

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to

2

comply with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *See id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802 (quoting *Berry*, 975 F.2d at 1191).

### A. Clear record of delay

Sykes has not filed a response to the pending motion for summary judgment, has not filed his own motion, did not keep the court apprised of his current address, and has done nothing to pursue his case. Since his lawyer was permitted to withdraw, Sykes has not communicated in any way with the court. The case has now been pending in federal court for over a year. These facts constitute a clear record of delay caused by Sykes's own failure to prosecute this cause of action. *Cf. Berry*, 975 F.2d at 1191–92 (finding no clear record of delay where the plaintiff filed an amended complaint, responsive pleading to defendant's motion to dismiss, motion for reconsideration, and motion for leave to file a

3

second amended complaint within four months); *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) (finding no clear record of delay where "counsel for the plaintiff attended both status conferences, filed a motion to defer ruling on the defendant's motion to dismiss, and served notice of his intent to proceed with depositions").

These facts also establish at least the first aggravating factor. Because Sykes is a *pro se* litigant, the delay is his fault. As for the third aggravating factor, Sykes's failure to respond to the motion for summary judgment or to file his own motion as ordered, his failure to keep the court apprised of his change of address, and his failure to take any action at all on his case cannot be characterized as anything but intentional.

### B. Futility of Lesser Sanctions

The court has extended deadlines numerous times, has admonished Sykes that the case would be dismissed if he failed to comply with court orders, and even affirmatively reached out to Sykes to try and locate him. Sykes has done nothing. All the court's efforts to have Sykes participate in this case have been futile and the court concludes that other sanctions would be similarly futile. For example, it is not likely that monetary sanctions would have any effect, considering Sykes's *pro se* and indigent status.

### 3. Conclusion

Given the clear record of delay, the proven futility of other sanctions, and the aggravating factors, it is appropriate to dismiss this case with prejudice, in accordance with Federal Rule of Civil Procedure 41(b). Thus, the court recommends that this case be dismissed with prejudice.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on July 21, 2023.

_____
Peter Bray
United States Magistrate Judge